**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0672n.06

**No. 20-3152**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="11"><b>FILED</b><br>Nov 23, 2020<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellant,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>CORTEZES DIMING,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellee.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

BEFORE: MOORE, GILMAN, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Cortezes Diming pleaded guilty to being a felon in possession of a firearm. And because two of the firearm's serial numbers[1] were worn off (which Diming concedes), his presentence investigation report concluded that U.S.S.G. § 2K2.1(b)(4)(B)'s enhancement for possessing a firearm with "an altered or obliterated serial number" should apply. The district court disagreed; it reasoned that the enhancement applies only if the serial number became less legible because someone acted with "some element of intentionality" and that instances of negligence or "regular wear and tear" would be insufficient. This conclusion led to a lower base offense level and ultimately resulted in a ten-month term of imprisonment.

---

[1]At the sentencing hearing, a Bureau of Alcohol, Tobacco, Firearms and Explosives special agent testified that when the gun was originally stamped, its serial number had seven digits—a "T" followed by "six numerics."

We agree with the government that the district court's narrow view of the enhancement caused it to improperly calculate the Guidelines range, which rendered the sentence procedurally unreasonable. *See United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015). This is because the district court did not have the benefit of our decision in *United States v. Sands*, 948 F.3d 709 (6th Cir. 2020), which we issued a few weeks after the court sentenced Diming. In *Sands*, we clarified that § 2K2.1(b)(4) applies if the serial number "is materially changed in a way that makes accurate information less accessible." *Id.* at 715 (citation omitted). We further explained that because § 2K2.1(b)(4)(B) is a strict liability enhancement, it "make[s] no distinction between serial numbers that have been obliterated intentionally from those numbers that have otherwise been obliterated by forces of nature." *Id.* at 718 (citation omitted). Thus, whether the changes to the serial number were intentional (or not) "play[s] no role in the analysis." *Id.*

Because *Sands* expressly rejected the district court's standard that included intent as a requirement, we vacate Diming's sentence and remand for resentencing with instructions to apply the enhancement in light of *Sands* and his concession that the firearm's serial number was missing digits.